UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELLOYD C. GARDNER, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00161-AGF |
| | ) | |
| ECHOPARK AUTOMOTIVE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to compel arbitration and stay these proceedings pending arbitration.  (Doc. No. 8).  For the reasons set forth below, the Court will grant Defendant's motion and will stay this case pending arbitration.

Plaintiff, an African American male, brought this lawsuit under the Missouri Human Rights Act, Mo. Stat. § 213.000, *et seq*. ("MHRA"), for alleged race discrimination, harassment, and retaliation suffered while he was employed as a Parts Sales Associate with Defendant from April 2022 through May 20, 2023.  (Doc. No. 3). Plaintiff timely filed his lawsuit in the Circuit Court of St. Louis County, Missouri, on December 15, 2022.  (Doc. No. 1 at 7).  Plaintiff served Defendant with the complaint in January 2023, and Defendant timely removed the case to this Court on February 13, 2023.  *Id*.

1

Defendant filed this motion to compel arbitration of Plaintiff's claims on February 21, 2023.  (Doc. No. 8).  Plaintiff did not timely respond to the motion, and on March 16, 2023, the Court ordered Plaintiff to show cause, in writing, why the motion should not be entered against it by March 23, 2023.  (Doc. No. 12).  On March 27, 20203, Plaintiff requested an extension of time to show cause.  (Doc. No. 13).  The Court granted this order and extended the deadline by which Plaintiff could show cause to April 12, 2023. (Doc. No. 14).  Plaintiff has not responded to the order to show cause, and the time to do so has now elapsed.

According to Defendant, at the outset of Plaintiff's employment, Plaintiff signed a Mutually Binding Arbitration Agreement (the "Arbitration Agreement").  (Doc. No. 8 at 2).  The Arbitration Agreement provides that both Plaintiff and Defendant agreed to submit, *inter alia*, all claims "for discrimination, harassment, or retaliation" to arbitration "without limitation".   *Id*.  Defendant argues that the Arbitration Agreement thus applies to Plaintiff's claims under the MHRA.

## DISCUSSION

The Federal Arbitration Act ("FAA") "establishes a liberal federal policy favoring arbitration agreements."  *M.A. Mortenson Co. v. Saunders Concrete Co*., 676 F.3d 1153, 1156 (8th Cir. 2012).  "A court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute."  *Pro Tech Indus., Inc. v. URS Corp*., 377 F.3d 868, 871 (8th Cir. 2004); *see also* 9 U.S.C. §§ 2, 4.  There is no dispute that the Arbitration Agreement in this case encompasses Plaintiff's employment discrimination claim, for the agreement

2

broadly applies to all employment related disputes, including claims for discrimination, harassment, or retaliation.  (Doc. No. 8 at 2).  Therefore, the only question before the Court is whether the Arbitration Agreement is valid and enforceable.

The FAA provides that an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Therefore, federal courts look to state contract law to determine the validity of an arbitration agreement.  *M.A. Mortenson Co.*, 676 F.3d at 1156-57.  As this dispute concerns Plaintiff's employment in Missouri, Missouri law applies.  *See* (Doc. No. 8 at 6).

Under Missouri law, "[t]he essential elements of any contract, including one for arbitration, are offer, acceptance, and bargained for consideration."  *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. 2014).  "Offer and acceptance requires a mutual agreement.  A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time."  *Baier v. Darden Rests.*, 420 S.W.3d 733 (Mo. Ct. App. 2014) (citations omitted).  A mutual obligation to arbitrate by both parties to an arbitration agreement constitutes consideration for the agreement.  *Greene v. Alliance Auto., Inc.*, 435 S.W.3d 646, 652 (Mo. Ct. App. 2014) ("[I]f a contract contains mutual promises, such that a legal duty or liability is imposed on each party as a promisor to the other party as a promisee, the contract is a bilateral contract supported by sufficient consideration.").

Offer, acceptance, and consideration are each present here.  Defendant offered Plaintiff employment in exchange for his agreement to the terms of employment,

including the Arbitration Agreement.  (Doc. No. 8 at 2).  The Arbitration Agreement is thus valid and enforceable under Missouri law.  Under the FAA, Plaintiff's claims are thus referable to arbitration.  The Court will therefore stay the action until the arbitration proceedings are concluded.  *Fleischli v. North Pole US, LLC*, 4:12CV1618 CDP, 2013 WL 1965120, at *14 (E.D. Mo. May 10, 2013) (citing 9 U.S.C. § 3).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel arbitration and to dismiss or, in the alternative, stay proceedings is **GRANTED**.  The Court will compel arbitration and stay these proceedings pending arbitration.  (Doc. No. 8).

**IT IS FURTHER ORDRED** that the parties shall file a status report regarding the status of the arbitration proceedings on or before October 18, 2023.

**IT IS FURTHER ORDERED** that this case is **STAYED** and shall be deemed closed administratively, for statistical purposes only, pending a resolution of the arbitration.

Dated this 18th day of April, 2023.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

4

5